UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. 3:11-cr-42 |
| v. | ) | **SENTENCING MEMORANDUM** |
| BRIAN EDWARD REYNOLDS, | ) | |
| Defendant. | ) | |

The United States Attorney for the Southern District of Iowa, by and through Assistant United States Attorney Clifford R. Cronk III, presents this sentencing memorandum, as follows:

**I. Application of the Cross Reference in § 2G1.3(c)(3)**

Pursuant to §2G1.3(c)(3), when a defendant is convicted of an offense involving a minor, the sentencing court is to apply the guideline at §2A3.1 if the offense involved conduct described in 18 U.S.C. § 2241 or 2242. Title 18, United States Code Section 2241(a)(1) states in pertinent part:

> Whoever, . . . knowingly causes another person to engage in a sexual act - (1) by using force against the person . . . or attempts to do so, shall be fined under this title or imprisoned for any term of years or life, or both.

There is no doubt that Defendant Brian Reynolds caused the victim to engage in sexual acts. Reynolds objects to the application of the cross reference because he claims no "force" was used against AG. This claim is without merit.

1

A defendant who physically restrains a victim from escaping uses "force" in committing the crime as contemplated by section 2241(a). *United States v. Allery,* 139 F.3d 609, 611–12 (8th Cir. 1998); *United States v. Sharpfish*, 408 F.3d 507, 511 (8th Cir. 2005). In *Allery,* force was found where the defendant "l[aid] on top of [the victim] and resist [ed] her attempts to push him away...." *Id.* at 612. A disparity in size between the defendant and the victim "might be enough, in itself, to establish 'a restraint ... that was sufficient that the [victim] could not escape the sexual contact.' " *United States v. Bordeaux,* 997 F.2d 419, 421 (8th Cir. 1993). Other circuits agree. *See United States v. Lucas,* 157 F.3d 998, 1002 (5th Cir.1998) (a defendant uses force "when he employs restraint sufficient to prevent the victim from escaping the sexual conduct" and "force can be implied from a disparity in size and coercive power between the defendant and his victim, as for example when the defendant is an adult male and the victim is a child"); *United States v. Lauck,* 905 F.2d 15, 18 (2d Cir.1990); *United States v. Willie,* 253 F.3d 1215, 1220 (10th Cir. 2001);. The Eighth Circuit recognizes that the force requirement "may be satisfied by a showing of ... the use of such physical force as is sufficient to overcome, restrain, or injure a person." *United States v. Fire Thunder,* 908 F.2d 272, 274 (8th Cir.1990*., quoting* H.R.Rep. No. 594, 99th Cong., 2d Sess., 14 n. 54a, *reprinted in,* 1986 U.S.C.C.A.N. 6186, 6194 n. 54a.

Here, the defendant, who is at least 68 inches tall and more than 40 years old, was substantially physically larger than the diminutive 14-year-old victim. He

lured her out of her house to meet with him. When he approached her on the street while driving a car, he introduced himself, opened the car door, and invited her to get in. Then he drove to a more secluded area nearby. Once he stopped the car, he began to touch her. She resisted. She testified that he first tried to go under her shirt and she pushed his hand away. He did not stop; he kept touching her - first her breasts. Then he started to pull her sweat pants off so that he could reach her genitals. She resisted again.

The victim was wearing underpants. Once he got her sweat pants down, be started to pull her underpants down. Again the victim resisted by pulling them back up. When that did not stop him, she "gave up." With her underpants down, the defendant started to touch her "privates" with his fingers; then he put his mouth and tongue on her privates. The victim laid there, very still, hoping it would end soon; she tried to escape by concentrating on other things while was Reynolds was molesting her.

When Reynolds finished, the victim pulled up her underwear and sweat pants as fast as she could, thinking it was over. But it wasn't over. That's when Reynolds told the victim, now that I've done something for you, you have got to do something for me. He started to undo his own pants. He pulled them down exposing his penis. He told the victim that it was time for her to do something to him. At first she just sat there, knowing what he wanted her to do. Then she realized that he had his arm around her back and was pulling her upper body closer to him. The victim gave in again and put her mouth on Reynolds's penis. He had

3

his hand on her back and then he moved her head up and down on his penis until he ejaculated in her mouth.

The pulling down of the pants and underpants and the physical movement of the victim by pulling her body towards him and holding her head so she would keep her mouth on his penis, all constitutes force. *See United States v. Fulton*, 987 F.2d 631, 633 (9th Cir. 1993); *United States v. Archdale*, 229 F.3d 861, 868 (9th Cir. 2000). Therefore the cross reference applies and the guideline calculations for Count 3, as they appear in the Presentence Report, are accurate and correct. The defendant's offense level for Count 3 is Level 38.

## II. Calculation of Criminal History Points

Defendant Reynolds objects that certain prior convictions are too old to count because the sentencing court is restricted to the criminal conduct arising from the charged offenses and does not include relevant conduct. This is a misinterpretation of the guidelines.

The application notes clearly allow the district court to consider "relevant conduct" in considering the criminal history score under section 4A1.1(d)-(e). The plain language of the Sentencing Guidelines demonstrates that the term "relevant conduct" extends to acts that are part of the same general criminal scheme. *See United States v. Rosenkrans*, 236 F. 3d 976 (8th Cir. 2001). By defining conduct relevant to the instant offense pursuant to section 1B1.3, application note 8 to §4A1.2 demonstrates that conduct relevant to the instant offense includes conduct related to, but not part of, the offense of conviction. *See* U.S.S.G. § 4A1.2 comment

(n. 8). Section 1B1.3 defines relevant conduct, in part, as "all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). The application note explicitly provides that "multiple counts of conviction are not required" for acts to be counted in "such acts or omissions." U.S.S.G. § 1B1.3 comment (n. 2). Thus the conduct involving JR is part of Reynolds's relevant conduct. *See United States v. Smith*, 991 F.2d 1468, 1470 -1471 (9th Cir. 1993); *United States v. Fine,* 975 F.2d 596 (9th Cir.1992) (en banc) (The words "as the offense of conviction" in the relevant conduct guideline necessarily imply that acts which are not included in the counts of conviction may be relevant conduct if the acts are part of a common plan or scheme or the same course of conduct...."). Therefore, the convictions found in Paragraphs 62 to 74 of the Presentence Report are properly counted.

### III. Proper Sentencing Considerations

Defendant's advisory guideline range is 360 months to life in prison. The sentencing statutes require that the court impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of §3553 of Title 18. Those purposes include: the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). In

determining the particular sentence to be imposed, this court must consider the nature and circumstances of the offense and the history and characteristics of the defendant.

In this case, all of the factors, and the purposes of sentencing, direct the court to impose a sentence at or near the top of the advisory guideline range. Brian Reynolds is a recidivist child molester and child predator. He has demonstrated no remorse for any of the crimes he has committed, including those that victimize children. He is not asking for mercy and he has not earned, nor does he deserve leniency. He has demonstrated contempt for society and its laws as well as our court system. He has engaged in sociopathic behaviors for many years. The court is well aware that Reynolds is not treatable. There is no likelihood that he will ever conform his conduct to the law and endeavor to live a moral and law-abiding life.

The crimes he is convicted of here are very serious. In order for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct and especially protect the public from further crimes of this defendant, the court should impose a sentence of at least 405 months. Only then can the court assure that members of the public will be adequately protected from him. Such a sentence is just punishment.

        Respectfully Submitted,

        Nicholas A. Klinefeldt

United States Attorney

By: /s/
    Clifford R. Cronk III
    Assistant United States Attorney
    131 East Fourth Street, Suite 310
    Davenport, Iowa 52801
    Tel: (563) 449-5432
    Fax: (563) 449-5433
    email: cliff.cronk@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2012, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by: ECF/Electronic filing.

UNITED STATES ATTORNEY

By: /s/
    Cliff Cronk