# United States Court of Appeals
## For the Eighth Circuit
_____

No. 12-2968
_____

United States of America

*Plaintiff - Appellee*

v.

Brian Edward Reynolds

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport
_____

Submitted: April 11, 2013
Filed: July 11, 2013
_____

Before LOKEN and GRUENDER, Circuit Judges, and WIMES,[1] District Judge.
_____

WIMES, District Judge.

Brian Edward Reynolds was charged with receiving child pornography in violation of 18 U.S.C. § 2252 (count two), enticement of a minor to engage in illicit

_____

[1] The Honorable Brian C. Wimes, United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

sexual activities in violation of 18 U.S.C. § 2422 (count three), and two counts of production of child pornography involving separate victims in violation of 18 U.S.C. § 2251 (counts one and four).  Prior to trial, the government dismissed count one for the production of child pornography involving A.G.  After a five-day jury trial, a jury found Reynolds guilty of receiving child pornography, enticement of a minor to engage in illicit sexual activities, and production of child pornography.  The district court[2] sentenced Reynolds to 384 months in prison.

Reynolds appeals the conviction, arguing the district court erred by: (1) failing to sever counts two and three from count four; (2) admitting other bad acts evidence involving his niece and girlfriend; (3) limiting Reynolds' cross-examination of A.G.; and (4) admitting Reynolds' post-arrest statements.  Reynolds further challenges the sentence he received, arguing the court abused its discretion by imposing an enhancement under § 2A3.1 of the United States Sentencing Guidelines Manual.  In considering these issues, we view the evidence in the light most favorable to the jury's verdict.  *U.S. v. Smith*, 573 F.3d 639, 657 (8th Cir. 2009).  We affirm.

## I. Background

On February 1, 2009, the Muscatine, Iowa Police Department was advised A.G., a thirteen-year-old girl, may have been sexually abused by a thirty-four-year-old man named Brian Reynolds.  Reynolds knew A.G. through his daughter, who was a classmate of A.G.  In executing a search warrant of Reynolds' residence on February 5, 2009, Detective Tomas Tovar of the Muscatine Police Department and Special Agent James E. McMillan of the Federal Bureau of Investigation interviewed Reynolds.

---

[2] The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

Following the issuance of the criminal complaint, Reynolds was arrested and interrogated on March 28, 2011.  Detective Tovar and Special Agent McMillan read Reynolds his *Miranda* rights from a form entitled "Advice of Rights" and Reynolds signed this form before the interrogation began.  During the interrogation, Reynolds made multiple admissions.  Detective Tovar acknowledged that as the interrogation neared its end, Reynolds was "starting to make comments like" he wanted to end the interrogation.  Prior to trial, Reynolds moved to suppress his post-arrest statements arguing he did not knowingly and intelligently waive his *Miranda* rights and his statements were not voluntarily given.  The district court held an evidentiary hearing, concluded Reynolds was aware of his *Miranda* rights at the time he made the post-arrest statements, and denied Reynolds' motion.

Reynolds also filed a pretrial motion pursuant to Rule 412 of the Federal Rules of Evidence seeking to offer evidence that A.G. had produced pornographic videos. Reynolds sought to admit this evidence in order to show that someone other than Reynolds produced the videos.  After an evidentiary hearing, the district court denied Reynolds' motion.  At trial, the district court denied Reynolds the opportunity to cross-examine A.G. about these two videos, concluding that the evidence had minimal relevance and that allowing cross-examination about the videos would amount to impeachment on a collateral matter, due to the government's dismissal of the child pornography production charge involving A.G.

During trial, the government presented evidence of Internet exchanges between Reynolds and a seventeen-year-old girl, C.K.  C.K. testified she sent five pornographic photographs to a person she knew as Brian Reynolds in exchange for photographs of him.  Also at trial, Reynolds' girlfriend, Autumn Veach, testified about meeting Reynolds over the Internet when she was seventeen years old.  Before the government

-3-

rested, Reynolds' niece, J.S., testified that Reynolds came to her room and inappropriately touched her when she was approximately eleven years old.

Following Reynolds' convictions, the district court sentenced Reynolds to 384 months in prison.  In arriving at this sentence, the court found Reynolds used force against A.G. when he engaged in inappropriate sexual conduct with her.  Thus, the court applied a four-level enhancement pursuant to United States Sentencing Guidelines Manual § 2G1.3(c)(3). On January 30, 2009, Reynolds picked up A.G. in a car, drove a short distance, and parked the car.  Reynolds touched A.G.'s chest and genitals both over and beneath her clothes.  Even though A.G. did not attempt to fight him off, she resisted Reynolds' advances by pushing his hands away.  When he did not stop, she "gave up," believing it "could have gotten a lot worse."  Despite A.G.'s resistance, Reynolds proceeded to put his mouth on A.G.'s genitals.  He then said, "I did something for you, now you have to do something for me" and pulled down his pants to expose himself.  Reynolds pulled A.G. toward his genitals with his hand and arm behind her back.  They engaged in oral sex, and Reynolds eventually drove A.G. back to where he had picked her up.  Then, A.G. walked home.

## II.  Motion to Sever

We review the district court's denial of a motion to sever for an abuse of discretion, and we will reverse only when that abuse of discretion results in severe or clear prejudice.  *U.S. v. Payton*, 636 F.3d 1027, 1036 (8th Cir. 2011) (citation omitted); *U.S. v. Darden*, 70 F.3d 1507, 1526 (8th Cir. 1995) (citations omitted). "Severe prejudice occurs when a defendant is deprived of an appreciable chance for an acquittal."  *U.S. v. Brown*, 653 F.3d 656, 662 (8th Cir. 2011); *see Payton*, 636 F.3d at 1037.

-4-

Prior to trial, Reynolds moved to sever count four, involving C.K., from the counts involving A.G, counts two and three.[3]  Reynolds argues the district court abused its discretion in denying his motion to sever and improperly joining the counts because they were not of similar character and could not be part of a common scheme or plan.  Further, Reynolds argues the court failed to examine whether he would be prejudiced by joining the counts before it considered whether the separate evidence would have been admissible in separate trials.

When Reynolds moved to sever, the district court had to first determine whether joinder was proper under Rule 8 of the Federal Rules of Criminal Procedure.[4]  *U.S. v. Ruiz*, 412 F.3d 871, 886 (8th Cir. 2005).  The court properly determined counts two, three, and four "are of the same or similar character."  The charges of enticement of a minor to engage in illicit sexual activities, receiving child pornography, and production of child pornography "are of the same or similar character" because they show Reynolds' predisposition to abnormal sexual attraction and tend to rebut the claim that Reynolds was trapped into receiving child pornography.  This abnormal sexual attraction is not limited to Reynolds' production and possession of child pornography, but also includes his desire to engage in sexual activities with female minors.

Further, the charges also "constitute part of a common scheme or plan" because Reynolds used online activity as part of a common scheme or plan to contact female minors, obtain pornographic photographs of them, and entice one female minor to

---

[3] The government dismissed count one.

[4] "The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged - whether felonies or misdemeanors or both - are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." FED. R. CRIM. P. 8(a).

-5-

Appellate Case: 12-2968     Page: 5     Date Filed: 07/11/2013 Entry ID: 4053485

engage in illicit sexual activities.  Reynolds' method of choice for fulfilling his abnormal sexual attraction was the Internet.  Reynolds enticed A.G. to engage in illicit sexual activities by communicating with her over the Internet and receiving pornographic photographs of her by the same means.  Similarly, C.K. communicated and exchanged pornographic photographs over the Internet with a person she knew as Brian Reynolds.

Once the district court determined joinder was proper, the court had the discretion to sever the counts if the joinder appeared to prejudice Reynolds pursuant to Rule 14 of the Federal Rules of Criminal Procedure.  *See* FED. R. CRIM. P. 14(a); *see also Ruiz*, 412 F.3d at 886.  "[A] defendant cannot show prejudice when evidence of the joined offense would be properly admissible in a separate trial for the other crime."  *U.S. v. Erickson*, 610 F.3d 1049, 1055 (8th Cir. 2010) (citation omitted).

Reynolds argues he was prejudiced because A.G.'s credibility, which was tarnished on cross-examination, was then rehabilitated by C.K.'s testimony.  This contention fails because A.G.'s and C.K.'s testimony would be properly admissible in separate trials on each offense to establish Reynolds' method of intentionally using the Internet to contact female minors and solicit pornographic photographs.  Even if we found Reynolds was prejudiced as he contends, this prejudice did not "appear" until such testimony was elicited during trial.  Rules 8 and 14 are to be liberally construed in favor of joinder, *Ruiz*, 412 F.3d at 886 (citing *Darden*, 70 F.3d at 1526), and the district court did not abuse its discretion in denying the severance of counts two and three from count four.  We affirm on this issue.

### III.  Prior Bad Acts Evidence

Reynolds challenges two evidentiary rulings from his trial.  First, he argues the district court improperly admitted character evidence of the prior incident involving

-6-

J.S. and Reynolds.  Second, he claims the district court improperly admitted evidence about his relationship with Autumn Veach.  We review both evidentiary rulings for an abuse of discretion, "and will disturb a district court's decision only when such evidence clearly had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts." *U.S. v. Franklin*, 250 F.3d 653, 658 (8th Cir. 2001) (citation omitted).

## A.  Evidence of J.S.

Evidence of prior bad acts is generally not admissible to prove a defendant's character or propensity to commit a crime.  FED. R. EVID. 404(b).  However, Congress altered this rule in sex offense cases by adopting Rules 413 and 414 of the Federal Rules of Evidence.  Rule 414 specifically provides for the admissibility of prior bad acts involving child molestation.[5]  If relevant, such evidence is admissible unless its probative value is "substantially outweighed" by one or more of the factors enumerated in Rule 403 of the Federal Rules of Evidence, including "the danger of unfair prejudice." *U.S. v. Coutentos*, 651 F. 3d 809, 819 (8th Cir. 2011) (citation omitted).

Reynolds argues the district court erred in finding a preponderance of evidence showed he molested J.S. since the State dismissed the charge against him involving J.S.  We disagree.  The Muscatine County Attorney's dismissal of the case due to "anticipat[ed] problems of proof fatal to the prosecution" does not necessarily mean the charge was dismissed for lack of probable cause to proceed to trial.  The State may dismiss a matter for a variety of reasons, most of which are discretionary.  Therefore,

---

[5] "In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation.  The evidence may be considered on any matter to which it is relevant." FED. R. EVID. 414(a).

this dismissal is not necessarily relevant to whether Reynolds molested J.S. Moreover, the jury was instructed not to speculate on the state court charge.

Reynolds further argues any unfair prejudice was compounded when the district court precluded him from introducing evidence showing all charges related to the J.S. incident had been dismissed. "Rule 403 is concerned only with unfair prejudice, that is, an undue tendency to suggest decision on an improper basis." *U.S. v. Yellow*, 18 F.3d 1438, 1442 (8th Cir. 1994) (citation omitted). J.S.'s testimony is prejudicial to Reynolds for the same reason it is probative; it tends to prove Reynolds' propensity to molest children. Because propensity evidence is admissible under Rule 414, the admission of J.S.'s testimony did not result in any unfair prejudice to Reynolds. Further, when Congress enacted Rule 414, it expressly rejected imposing any time limit on the admission of prior sex offense evidence; therefore, it is irrelevant that the J.S. incident occurred in 2002. *See* 140 CONG. REC. H8, 992 (daily ed. Aug. 21, 1994) (statement of Rep. Molinari) ("evidence of other sex offenses by the defendant is often probative and admitted, notwithstanding very substantial lapses of time in relation to the charged offense or offenses."). For these reasons, we find the district court did not abuse its discretion in admitting evidence of the incident involving J.S.

## B.  Evidence of Autumn Veach

The district court properly admitted evidence of Reynolds' relationship with Autumn Veach.  Reynolds argues this evidence was impermissible propensity evidence under Rule 404(b) and failed to meet the requirements for admission under Rules 413 and 414.  The government argues Reynolds failed to contemporaneously object when Veach was questioned about the circumstances under which she met Reynolds.  The government argues, thus, the Court should review the admission of this evidence only for plain error. Under this standard, Reynolds must demonstrate: (1) there was an error that was not affirmatively waived; (2) that error was "plain,"

-8-

meaning clear or obvious; (3) that error affects his substantial rights; and (4) that error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *U.S. v. Johnson*, 688 F.3d 444, 447 (8th Cir. 2012) (citations omitted).

Rule 404(b) "excludes evidence of specific bad acts used to circumstantially prove that a person has a propensity to commit acts of that sort." *U.S. v. Johnson*, 439 F.3d 884, 887 (8th Cir. 2006). However, such evidence is not excluded under Rule 404(b) if it is probative of the crime charged, and we will only find error if the district court abused its discretion. *Id.* (citations omitted).

> Other acts evidence is admissible under Rule 404(b) if it is 1) relevant to a material issue raised at trial, 2) similar in kind and close in time to the crime charged, 3) supported by sufficient evidence to support a jury finding the defendant committed the other act, and 4) its probative value is not substantially outweighed by its prejudicial value.

*Id.* (citation omitted). "[T]he district court has broad discretion to admit evidence of other crimes or bad acts under [Rule] 404(b) and its decision will be overturned only when it is clear that the evidence had no bearing on the case." *U.S. v. Campa-Fabela*, 210 F.3d 837, 840 (8th Cir. 2000) (citation omitted).

Even though Reynolds and Veach met in 2004, Veach's testimony regarding the circumstances of their relationship was relevant and similar to how Reynolds used the Internet to meet underage females. The district court was within its discretion to determine the probative value of this evidence was not outweighed by its prejudicial effect under Rule 403. Therefore, we find no abuse of discretion in the district court's decision to admit Veach's testimony.

-9-

## IV.  Sixth Amendment

Reynolds argues the district court violated his rights under the Confrontation Clause of the Sixth Amendment by preventing him from cross-examining A.G. about the two pornographic videos seized from her computer.  We disagree.

"We review evidentiary rulings regarding the scope of cross-examination for an abuse of discretion, except where the Sixth Amendment confrontation clause is implicated, and then our review is de novo." *U.S. v. Jewell*, 614 F.3d 911, 920 (8th Cir. 2010) (citation omitted).

> A primary interest secured by the Confrontation Clause is the right of cross-examination.  The opportunity to expose "possible biases, prejudices, or ulterior motives" of a witness, as "they may relate directly to the issues or personalities in the case at hand," is one important function of the right to confront witnesses.  Thus, the Confrontation Clause may require the admission of certain evidence otherwise excluded by the rules of evidence, but it is clear that not all evidence that is "the least bit probative of credibility" must be admitted.

*U.S. v. Tail*, 459 F.3d 854, 860 (8th Cir. 2006) (citations omitted).

The district court allowed Reynolds to question A.G. about whether she lied to law enforcement regarding who asked her to photograph herself.  The district court, however, did not allow Reynolds to question A.G. about the two pornographic videos she produced.  We find no violation under the Confrontation Clause because Reynolds was able to elicit testimony from A.G. demonstrating she had dishonestly represented

-10-

to law enforcement that the pornographic photographs at issue were taken prior to A.G. meeting Reynolds.  The evidence of the pornographic videos had limited probative value and was, therefore, properly excluded, because A.G.'s credibility was undermined by her testimony on cross-examination and the production of child pornography charge involving A.G. was previously dismissed.  The fact that A.G. produced pornographic videos prior to meeting Reynolds was irrelevant and immaterial in exposing any of A.G.'s possible biases, prejudices, or ulterior motives.

Finding no constitutional violation, we turn our review to whether the district court abused its discretion in excluding the evidence under the Federal Rules of Evidence.  The district court properly ruled such evidence was inadmissible under Rule 412 of the Federal Rules of Evidence because the videos were offered to prove A.G. engaged in sexual behavior other than her behavior with Reynolds.  We affirm on this issue.

## V.  Fifth Amendment

Reynolds argues on appeal the district court violated his Fifth Amendment right to remain silent when it admitted his post-arrest statements.  We disagree.

Reynolds argues the district court should have suppressed his post-arrest statements because Detective Tovar and Special Agent McMillan failed to cease the interrogation once Reynolds was "starting to make comments like" he wanted to end the interrogation.  However, Reynolds failed to raise this argument with the district court.  Prior to trial, Reynolds moved to suppress his statements on different grounds, arguing such statements were not made knowingly, intelligently, and voluntarily. Pursuant to Rule 12(e) of the Federal Rules of Criminal Procedure, a defendant waives

-11-

any defense or objection regarding the suppression of evidence that was not raised before trial.[6]

> Federal Rule of Criminal Procedure 12(b)(3)(C) and (e) provides that motions to suppress evidence must be raised before trial or are waived, and the waiver provision "applies not only to the failure to make a pretrial motion, but also to the failure to include a particular argument in the motion."

*U.S. v. Spotted Elk*, 548 F.3d 641, 656 (8th Cir. 2008) (citation omitted).  Because "waived claims are unreviewable on appeal," *U.S. v. Booker*, 576 F.3d 506, 511 (8th Cir. 2009), Rule 12(e) precludes appellate review of Reynolds' argument to suppress his post-arrest statements.  *See U.S. v. Green*, 691 F.3d 960, 963-64 (8th Cir. 2012). We affirm on this issue.

## VI.  Sentencing Enhancement

We review the district court's factual findings underlying the imposition of a sentencing enhancement for clear error and its application of the sentencing guidelines de novo.  *Johnson*, 688 F.3d at 447 (citations omitted).

When a defendant is convicted of an offense involving a minor, the applicable sentencing guideline is § 2A3.1 if the offense involved conduct described in 18 U.S.C. § 2241 or § 2242.  U.S. SENTENCING GUIDELINES MANUAL § 2G1.3(c)(3) (2012).  A person has committed "aggravated sexual abuse" if he or she "knowingly causes another person to engage in a sexual act: (1) by using force against that other person;

---

[6] "A party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides. For good cause, the court may grant relief from the waiver."  FED. R. CRIM. P. 12(e).

Appellate Case: 12-2968      Page: 12      Date Filed: 07/11/2013 Entry ID: 4053485

or (2) by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping . . . ."  18 U.S.C. § 2241 (2013).  The element of force is satisfied by showing: (a) physical force sufficient to overcome, restrain, or injure a person; or (b) the threat of harm sufficient to coerce or compel submission by the victim.  *U.S. v. Fire Thunder*, 908 F.2d 272, 274 (8th Cir. 1990).  A person has committed "sexual abuse" if he or she "knowingly: (1) causes another person to engage in a sexual act by threatening or placing that other person in fear (other than by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury or kidnapping) . . . ."  18 U.S.C. § 2242 (2013).

Reynolds argues he did not restrain A.G. and, thus, did not use sufficient force for the court to apply § 2A3.1.  We disagree.  The district court did not clearly err in finding Reynolds used force against A.G. in its application of § 2241.

Moreover, if Reynolds' conduct did not satisfy the element of force, the district court did not err in applying the sentencing guidelines.  We find Reynolds knowingly caused A.G. to engage in a sexual act by placing her in fear when he picked her up, drove to an isolated place, did not stop his sexual advances after her initial efforts to resist, and told her to do something for him.  Under these circumstances, we find § 2A3.1 is also applicable pursuant to § 2242.  We affirm on this issue.

The judgment of the district court is affirmed.

_____

Appellate Case: 12-2968     Page: 13     Date Filed: 07/11/2013 Entry ID: 4053485